**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CASE No.   15-51490 (JJT) |
| ) | |
| DAVID X. MANNERS ) | CHAPTER   7 |
| COMPANY INC, ) | |
| ) | RE: ECF Nos. 212, 227, 257 |
| ) | |
| DEBTOR. ) | |
| ) | |

**APPEARANCES**

| | |
|---|---|
| Irve J. Goldman, Esq. | Attorney for the Movant |
| Pullman & Comley, LLC | |
| 850 Main Street, P.O. Box 7006 | |
| Bridgeport, CT 06601-7006 | |
| | |
| Joseph J. Haspel, Esq. | Attorney for the Respondent |
| Law Office of Joseph J. Haspel, PLLC | |
| 1 West Main Street | |
| Goshen, NY 10924 | |
| | |
| Timothy Miltenberger, Esq. | Attorney for the Trustee |
| Coan, Lewendon, Gulliver & Miltenberger, LLC | |
| 495 Orange St. | |
| New Haven, CT 06511 | |

**SUPPLEMENTAL RULING AND ORDER ON**
**MOTION FOR LEAVE TO OBJECT TO PROOF OF CLAIM NO. 5-1**

I.  INTRODUCTION

      The Court, after notice and hearing, has granted the Movant Timothy Manners

("Manners" or "Movant") derivative standing as the standards articulated by the Second, Sixth,

and Eighth Circuit Courts of Appeal have been sufficiently satisfied, and the granting of such

1

leave to file and prosecute a claim objection appears to be based upon a bona fide dispute, and is in the best interests of creditors and the advancement of the administration of the Chapter 7 estate.

In the Motion for Leave to Object to Proof of Claim No. 5-1 ("Motion") before this Court, Manners seeks leave of this Court to file and prosecute an objection to Claim No. 5-1, filed by Joseph McMahon ("McMahon"). The gravamen of the objection is that Claim No. 5-1 is a duplicate claim, and/or is a barred claim, by virtue of the force and legal effect of a jury verdict and imminent judgment in a case tried to conclusion in an action before the Supreme Court of the State of New York, Orange County, Index No. 4523/2012 ("Suit 1"). That verdict and judgment are embodied in Claim No. 4. Claim No. 5-1 is allegedly founded upon the same operative facts as were tried in Suit 1, but advanced under a different legal theory in a "companion" case also pending in the Supreme Court of the State of New York, Orange County, Index No. 207/2015 against both the Debtor and Manners ("Suit 2").

The Motion raises the threshold issue of whether derivative standing to assert such an objection, in lieu of the trustee, is cognizable in a Chapter 7 proceeding and if so, whether the Movant has satisfied the standards to justify a grant of such leave to file and prosecute the Objection to Claim. This Court has answered each of those inquiries in the affirmative.

II.    JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§157 and 1334(b) and may hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2).

III.  DISCUSSION

Although the Bankruptcy Code does not unambiguously create a mechanism for conferring standing on parties other than a trustee or debtor-in-possession to prosecute estate claims, the majority of courts addressing the issue recognize the legitimacy of derivative standing when such standing is in the best interests of the bankruptcy estate.

In *Unsecured Creditors Comm. of Debtor STN Enterprises, Inc. v. Noyes (In re STN Enterprises)*, 779 F.2d 901 (2d Cir. 1995), the Second Circuit Court of Appeals agreed with the line of cases allowing creditors' committees to initiate proceedings only when the trustee or debtor-in-possession unjustifiably failed to bring suit or abused its discretion in not suing to avoid a preferential transfer. Thereafter, in *In re Commodore Intern. Ltd.,* 262 F.3d 96, 100 (2d Cir. 2001), the Second Circuit refined the doctrine of derivative standing and ruled that a creditors' committee may acquire standing to pursue the debtor's claims if: "(1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *See also In re Applied Theory Corp.*, 493 F.3d 82, 86 (2d Cir. 2007) (affirming the same).

This distinct majority view has also been followed by the Sixth Circuit Court of Appeals in *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 243-44 (6th Cir. 2009) (permitting derivative standing in a Chapter 7 case) and the Eighth Circuit Court of Appeals in *PW Enterprises, Inc. v. North Dakota Racing Commission (In re Racing Services, Inc.)*, 540 F.3d 892, 898-99 (8th Cir. 2008) (same).

Here, is it worth noting that Manners has requested permission to sue from the Trustee who, despite declining to sue, has no objection to Manners' pursuit of this claim. Moreover,

3

substantial and bona fide disputes exist over Claim No. 5-1, which, in light of the recently failed mediation of global issues in the case, foreshadow complex, prolonged and vigorous litigation. Clarity of the amount and nature of McMahon's claims may well advance the Chapter 7 resolution, and would certainly quantify the magnitude of creditor claims served by the Trustee's wide-ranging pending Adversary Proceeding against Manners and third parties. Further, the Trustee's unwillingness to object here is, admittedly, a function of his inability to fund litigation, and reasonable disagreement regarding the appropriate timing of an objection.

The courts that have endorsed the use of derivative standing in bankruptcy cases have emphasized that the party seeking derivative standing must demonstrate that the party:

> 1) has alleged a colorable claim that would benefit the estate, if successful, based on a cost-benefit analysis performed by the bankruptcy court; 2) has made a demand on the debtor-in-possession to file the avoidance action; 3) the demand has been refused; and, 4) the refusal is unjustified in light of the statutory obligations and fiduciary duties of the debtor-in-possession in a Chapter 11 reorganization.

*Canadian Pacific Forest Products Limited v. J.D. Irving, Limited (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1438 (6th Cir. 1995). *See also In re Racing Services, Inc.*, 540 F.3d at 900.

Here, Manners has advanced a colorable claim, unsuccessfully petitioned the Trustee to prosecute and finally, while the Trustee's refusal is not unjustifiable, the universe of circumstances, or the cost-benefit analysis, weighs in favor of allowing this relief.

Guided by the Eighth Circuit's non-exhaustive list of factors, this Court, in consideration of the cost-benefit analysis, has weighed: "(1) [the] probabilities of legal success and financial recovery in event of success; (2) the creditor's proposed fee arrangement; and (3) the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of litigation will likely produce." *In re Racing Services, Inc.*, 540 F.3d at 901.

4

Here, absent some meaningful forward movement of this Chapter 7 in expedited claim litigation, the case is likely to languish in an extended and vigorously litigated adversary proceeding, only to be inevitably followed by a claim objection proceeding. In the interests of judicial economy, the case must advance in the timely, expeditious and cost-effective resolution of its material disputes. The relief granted herein will further that purpose. Accordingly, the Motion is granted.

As a prerequisite in this process, Manners shall promptly file either an expedited stay relief motion or stipulation providing for limited relief to reduce the jury verdict in Suit 1 to a final judgment of the trial court, but otherwise staying any appeals or further process therein unrelated to the entry of judgment in the Supreme Court of the State of New York.

Provided the Chapter 7 Trustee, upon further reflection, has not elected by March 2, 2018 to file the subject Claim Objection, the parties are directed to proceed in accordance with the terms of the Court's Pretrial Order issued herewith. Notwithstanding the Movant's filing and prosecution of the Claim Objection, the Chapter 7 Trustee may be heard as a party in interest in that Contested Matter proceeding.

Finally, as formal mediation efforts by the parties are at an impasse, the stay of proceedings in aid of mediation is vacated as of February 23, 2018 at 5:00 pm.

IT IS SO ORDERED at Hartford, Connecticut this 23rd day of February 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut