# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CASE No.   15-51490 (JJT) |
| ) | |
| DAVID X. MANNERS ) | CHAPTER   7 |
| COMPANY INC, ) | |
| ) | RE: ECF Nos. 269, 275 |
| ) | |
| DEBTOR. ) | |

## **APPEARANCES**

Irve J. Goldman, Esq.                                                                               Attorney for Timothy Manners
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601

Joseph J. Haspel, Esq.                                                                          Former Attorney for Joseph McMahon
Law Office of Joseph J. Haspel, PLLC
1 West Main Street
Goshen, NY 10924

Timothy Miltenberger, Esq.                                                              Attorney for the Trustee Richard M. Coan
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT 06511

Frederick C. Kelly, Esq.                                                                        Attorney for Joseph McMahon
28 Roe Circle
Monroe, NY 10950
(845) 325-6759
*Admitted Pro Hac Vice*

# RULING ON MOTION FOR APPROVAL OF
# STIPULATION FOR RELIEF FROM AUTOMATIC STAY

*Introduction*

The dispute before this Court relates to a Motion for Approval of Stipulation For Relief from the Automatic Stay ("Motion for Stipulation" or "Stipulation", ECF No. 269) filed by Timothy Manners ("Manners"), endorsed by the Chapter 7 Trustee of the bankruptcy estate of David X. Manners Company, Inc. ("Debtor"), and Manners. The Stipulation was filed herein consistent with this Court's Rulings (ECF Nos. 263 and 257)[1] granting derivative standing to allow Manners to pursue his Objection to Proof of Claim No. 5-1 filed by creditor Joseph McMahon ("McMahon"). The Stipulation would provide for limited relief from the automatic stay to allow Manners to seek to reduce a jury verdict, after a concluded trial, to a final judgment, in an action before the Supreme Court of the State of New York, Orange County, Index No. 4523/2012 ("Suit 1"), prior to any contest on the Objection to Claim No. 5-1 ("Objection to Claim", ECF No. 282). McMahon also has a second civil proceeding against both the Debtor and Manners in the Supreme Court of the State of New York, Orange County, Index No. 207/2015 ("Suit 2"), which is stayed, and allegedly involves the same operative facts and parties as in Suit 1. Suit 2 has not yet been tried.

In his quest for derivative standing to assert the Objection to Claim, Manners previously argued that the judgment in Suit 1 would bar Suit 2 on res judicata or other grounds—and therefore also bar Claim 5-1, which is derived from Suit 2—and that the resolution of these significant claims may materially advance the administration of this contentious bankruptcy estate. The Chapter 7 Trustee has not disagreed with this proposition. Global resolution efforts

---

[1] These Rulings were issued, respectively, on February 23, 2018 and February 13, 2018. These are final orders of this Court to which no appeal has been filed and no stay has been obtained.

between the parties, including formal mediation, have ostensibly failed because of disputes over these allegedly duplicative claims.

In Response to this Court's Rulings and Pretrial Order (ECF No. 264), the parties have sought to join the aforesaid issues for adjudication before this Court in contested hearings over the Objection to Claim and the response thereto (ECF No. 288). The Pretrial Order has set the timing and parameters of a contested hearing on this dispute. Manners would contend, and this Court would agree, that the proper joinder of the disputed issues is fairly, properly, and optimally addressed by allowing limited stay relief so that a formal judgment in Suit 1 can enter. That result would allow the issues related to res judicata, collateral estoppel, the Rooker Feldman doctrine, and judicial estoppel to be distinctively and properly briefed and tried in a contested hearing where the legal significance of the jury verdict and judgment in Suit 1 can be evaluated consistent with applicable law.

Arguments of counsel were advanced at a hearing on March 22, 2018, after which the Court took the matter under advisement. For the reasons stated herein, the Motion for Stipulation is approved.

*Discussion*

The Court's review of the Motion for Stipulation implicates the standards of review under 11 U.S.C. § 362 (d)(1) and Federal Bankruptcy Rule 9019. Manners has advanced the arguments for approval of the Motion for Stipulation, to which McMahon has interposed twenty-three pages of objections (ECF No. 275) that assert, *inter alia*:

    (1) that Claim No. 5-1 will not be barred by res judicata or otherwise;

    (2) that Manners lacks standing to advance the Motion for Stipulation;

    (3) that McMahon has additional claims for interest on the verdict in his favor;

3

(4) that Manners has abused the bankruptcy system, committed perjury, and generally frustrated the rights of creditors;

(5) that Manners has wrongfully manipulated the bankruptcy to the detriment of McMahon;

(6) that stay relief will only facilitate Manners' false/unfounded Objection to Claim;

(7) that judicial estoppel should be invoked by this Court to cut off Manners' abuses and wrongful scheme; and

(8) that the *Sonnax* Factors cannot be satisfied here because res judicata will prove to be an unavailing argument.

The Court will address each of these arguments in turn.

    A. Arguments (1), (3) and (6)—Objection to Claim

McMahon's objections 1, 3, and 6 all prematurely endeavor to litigate, in this context, the merits of the contest on the Objection to Claim and thereby improperly circumvent the direction and parameters of the Pretrial Order. Accordingly, this Court will defer consideration of those arguments until the scheduled hearing on the Objection to Claim.

    B. Arguments (4) and (5)— Bad Faith and Abuse of the Bankruptcy System

During the pendency of this case, both McMahon and the Trustee have made innumerable allegations of wrongful, criminal, inequitable and manipulative behavior on the part of Manners. Formal proceedings as to many of those contentions are currently pending before this Court as an Adversary Proceeding (Case No. 17-05012), a Motion to Disgorge (ECF No. 238), and a Motion for Turnover (ECF No. 218). No dispositive hearings have yet been held on these matters, but they will be heard in due course. These contentions, and any proof thereof,

more properly belong in those proceedings, and are not determinative of or heavily weighed in this Court's approval of the Stipulation.

      C. Argument (7)—Judicial Estoppel

In the scrutiny of his objections, this Court has also assessed McMahon's contentions regarding whether judicial estoppel should be invoked here against Manners, as it would be dispositive if warranted. Counsel for McMahon has taken various liberties to attach documents, transcripts, and exhibits to his various legal pleadings in favor of judicial estoppel. To date, neither he nor the Trustee have advanced admissible evidentiary proof framed by motions or complaints which properly raise these issues and provide a right to be heard in response. In any event, the Court believes that judicial estoppel is inapplicable here, and cannot properly be invoked or applied in the context of this Stipulation.

    The Supreme Court has described the doctrine of judicial estoppel in the following terms:

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.

*New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks, brackets, and citation omitted).

In evaluating whether to apply the doctrine of judicial estoppel, courts generally look for the existence of three factors: (1) that a party's new position is "clearly inconsistent" with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Intellivision v. Microsoft Corp.*, 484

Fed.Appx. 616, 619, 2012 WL 2086297, at *2 (2d Cir. 2012) (citing *New Hampshire*, 532 U.S. at 750-51, 121 S.Ct. 1808). The Supreme Court has made clear that these factors do not constitute "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," and that "[a]dditional considerations may inform the doctrine's application in specific factual contexts." *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808. The Second Circuit has "further limit[ed] judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010).

"[C]ourts have uniformly recognized" that the purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50, 121 S.Ct. 1808 (internal quotation marks omitted). Because judicial estoppel is designed "to prevent improper use of judicial machinery," it is "an equitable doctrine invoked by a court at its discretion." *Id*.

Here, McMahon has simply failed to demonstrate satisfaction of the requisite factors supporting such relief. McMahon's central argument in support of judicial estoppel is that Manners, who caused the bankruptcy filing of the Debtor and "called down" the automatic stay, cannot now momentarily lift the stay so that judgment can enter against the Debtor. Firstly, this argument is misguided because the automatic stay is effective automatically upon the filing of a bankruptcy petition, without any further action required. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994). Manners certainly took no "position" by filing the bankruptcy case that would create dissidence from any position he asserts now.

Secondly, this Stipulation is plainly consistent with his earlier asserted positions before this Court. Manners has already obtained derivative standing to assert the Claim Objection,

stands in the shoes of the Trustee, and has the Trustee's endorsement of the Stipulation. Moreover, it would be unfair to the Chapter 7 Estate, its creditors and its administration, to now interpose judicial estoppel so as to essentially bar the Estate from seeking the ministerial entry of a judgment on a jury verdict that McMahon sought, obtained, and has relied on in this case. He has made clear on the record that he does not wish to abrogate the full force and effect of the claim derived from that jury verdict.

Thirdly, there is no unfair advantage demonstrated here. To the contrary, the application of judicial estoppel against Manners as it relates to this Motion would be inequitable, manifestly incongruous, and would only serve to facilitate the advancement of McMahon's oblique legal arguments, cause more procedural delays, substantive legal confusion, and signal disregard for the dignity and legal significance of the state court jury verdict.

By allowing limited stay relief here, the measured result would not besmirch judicial integrity, but have quite the opposite effect. The nature of the stay relief here is narrow and calculated by this Court and the Chapter 7 Trustee to facilitate the reconciliation of McMahon's allegedly duplicative claims arising from his pending litigations. Thus, judicial resources would be spared and the efficiency of the administration of this Estate would be advanced by this result.

As a matter of procedural fairness, due process, relevance, and the weight of the equitable factors at hand, the Court will not apply judicial estoppel in this case.

    D.  Argument (2)—Standing

As to McMahon's second objection based upon Manners' alleged lack of standing, McMahon overlooks three salient considerations: (1) the Chapter 7 Trustee, who indisputably has standing, has joined the Motion as a counterparty to the Stipulation; (2) Manners has the mantel of a final order of this Court allowing derivative standing to support his status as either a

party in interest or representative of the Chapter 7 Estate; and (3) Manners, in his individual capacity, was also a defendant in Suit 1 and is the equity owner of the co-defendant Debtor. In each and every one of these capacities, this Court finds that Manners, as a movant, has good and sufficient legal standing to seek relief under 11 U.S.C. 362(d). The express language of that statute provides:

> *On request of a party in interest* and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization

11 U.S.C. 362(d) (emphasis added).

Instructive here is Section 1109 of the Bankruptcy Code which limits the right to object to settlements to "parties in interest". That Section does not define "party in interest" but states that "[a] party in interest, *including* the debtor, the trustee, a creditor's committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109 (emphasis added). Courts have long recognized that this is not an exhaustive list—the term "party in interest" is to be broadly construed and determined on a case-by-case basis. *In re Johns-Manville Corp.*, 36 B.R. 743, 747-48 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985); *accord In re Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). However, courts have generally limited standing to "all persons whose pecuniary interests are directly

affected by the bankruptcy proceedings." *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir.1993).

Manners, whose pecuniary interests are directly affected by the bankruptcy proceedings, is a party in interest under the Bankruptcy Code. This finding is consistent with notions of constitutionally mandated standing which affords the legal right to set judiciary machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless, as Manners does, he has some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. Accordingly, Manners' status satisfies this threshold jurisdictional inquiry.

E.   Argument (8)—Cause under 11 U.S.C. § 362 and *Sonnax*

In turning to the merits of the Motion for Stipulation, this Court has assessed "cause" under Section 362(d)(1). "Because neither the statute nor the legislative history defines the term 'for cause', the facts of each request will determine whether relief is appropriate under the circumstances." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999). "In determining whether the stay should be modified or terminated for cause, courts in this Circuit and elsewhere either: (1) analyze twelve factors enumerated by the Second Circuit in *Sonnax*; or (2) engage in fact-intensive inquiries which appear to be loosely based on the *Sonnax* factors, mainly attempting to maintain the prepetition status quo ante between the parties." *In re Project Orange Associates*, *LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (citing cases). The Court addresses each approach in turn and, as explained below, finds that lifting the stay to permit the judgment to enter in Suit 1 is appropriate here under either analysis.

    i. *Sonnax* Analysis

In determining whether "cause" exists to lift the automatic stay under Section 362(d) to permit litigation to proceed in another forum, some courts in the Second Circuit look to twelve factors. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). These factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* (citing *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D.Utah 1984)). Not all of the factors are relevant in every case, *Schneiderman v. Bogdanovich (In re Bogdanovih)*, 292 F.3d 104, 110 (2d Cir. 2002); *In re Mazzeo*, 167 F.3d at 143, and the Court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). Rather, as several courts have noted, "[w]hen applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, and the estate." *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (citing *In re Keene Corp.*, 171 B.R. at 183).

  The first *Sonnax* factor is whether relief would result in a partial or complete resolution of the issues. Relief here would result in a partial resolution of these issues because, as stated above, if the judgment in Suit 1 enters, this Court can then assess and weigh the potential effect of res judicata, collateral estoppel and the Rooker Feldman doctrine on the Objection to Claim.

10

The second *Sonnax* factor is whether there is a lack of any connection to or interference with the bankruptcy case. While Suit 1 is "connected" to the bankruptcy case insomuch as the resolution of issues in the former affect certain determinations in the latter, relief here would by no means interfere with the bankruptcy case. Rather, the opposite appears more likely, where the progress of this case appears dependent upon and requires the resolution of the issues currently awaiting judgment in the state court.

*Sonnax* factor four, whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; factor ten, the interest of judicial economy and the expeditious and economical resolution of litigation; and factor eleven, whether the parties are ready for trial in the other proceeding, all weigh heavily in favor of permitting Suit 1 to proceed in the state court. The parties have been before the Supreme Court of the State of New York since June 2012. All discovery, motion practice and conferences related to this litigation occurred in that court. The case has been tried to completion, including the entry of a jury verdict. A Motion for Judgment was filed and shortly thereafter, before that motion could be ruled on and a judgment could be entered, the Debtor filed this bankruptcy petition. The state court is patently the most efficient and appropriate place for the matter to conclude, especially considering its significant investment and the imminence of the formal entry of judgment.

Finally, *Sonnax* factor seven, whether litigation in another forum—here, the Supreme Court of the State of New York, Orange County—would prejudice the interests of other creditors; and factor twelve, the impact of the stay on the parties and the balance of harms, both weigh in favor of allowing relief. Any risk to creditors here is addressed by limiting the scope of stay relief to allow the state court to determine the issues up to the entry of judgment, but not enforcement, so that the interests of creditors here are not harmed. *See In re Taub*, 413 B.R. at

68. In weighing the impact of the stay on the parties and balancing the harms, the Court finds that the stay presently impedes the administration of this bankruptcy estate, in the many ways explained above. Any harms to the parties would be materially outweighed by the resolution of issues germane to the advancement of this case. Accordingly, the *Sonnax* factors that are relevant here heavily align in favor of lifting the stay.

    ii. Fact Intensive Inquiry

Applying the fact intensive inquiry, focused on judicial economy and efficiency, this Court weighs: the bitter and extended course of litigation between the parties; the inability of the Chapter 7 estate to reconcile the McMahon claims; the critical role that the quantifications of these claims will likely play in the recoveries sought by the Trustee in the pending Adversary Proceeding; the parties' ability, if any, to settle these contested matters; and the likely enhanced legal clarity that entry of a formal judgment in Suit 1 may lend to the claims objection process. The Stipulation's limited relief and potential benefit to the Chapter 7 estate's administration clearly place the Stipulation within the range of reasonableness. The Stipulation indisputably enhances procedural rationality in these disputes and accords proper deference to the state court trial and jury verdict. This Court is confident that there is good, substantial and manifest "cause"[2] to grant this Motion for Stipulation so as to provide for limited stay relief.

*Conclusion*

For these stated reasons, the Motion for Stipulation is approved and the 14-day stay is waived, for good cause, so as to facilitate the expeditious filing and pursuit of a post-jury verdict

---

[2] *See* 11 U.S.C. § 362(d)(1).

Motion for Judgment in the state court.[3] This will enable a timely hearing process on the merits of the Objection to Claim. The objections to this Motion for Stipulation are overruled.

This Court makes no findings, at this time, and preserves all issues asserted by the parties related to allegations of a wide range of misconduct by Manners for further proceedings.

**IT IS SO ORDERED** at Hartford, Connecticut this 26th day of April 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[3] Consistent with the non-preclusive effect of stay relief litigation, stay relief entered here does not involve an adjudication on the merits of the Objection to Claim. *See, e.g., In re Pandeff*, 201 B.R. 865, 870 (Bankr. S.D.N.Y. 1996) (citing *Grella v. Salem Five Cent. Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994).