**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-51490 (JJT) |
| | ) | | |
| DAVID X. MANNERS CO. INC., | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | RE: ECF Nos. | 310, 313, 321 |
| | ) | | |

**MEMORANDUM OF DECISION ON CREDITOR JOSEPH MCMAHON'S**
**MOTION FOR STAY PENDING APPEAL AND PRELIMINARY INJUNCTION**

I. INTRODUCTION

Pending before the Court are the Motion to Stay Pending Appeal ("Motion to Stay Appeal", ECF No. 310) and the Motion for Preliminary Injunction (ECF No. 313) filed by Creditor Joseph McMahon ("McMahon"). McMahon seeks to enjoin David X. Manners ("Manners") from acting pursuant to this Court's Ruling on Motion for Approval of Stipulation for Relief from the Automatic Stay ("Lift Stay Ruling", ECF No. 297) and the Court's Supplemental Ruling and Order on Motion for Leave to Object to Proof of Claim No. 5-1 ("Derivative Standing Ruling", ECF No. 263).

An expedited hearing on the Motion to Stay Appeal and Motion for Preliminary Injunction was held on May 11, 2018, and both parties presented oral argument to the Court. Following the hearing, the Court took the matter under advisement. For the reasons set forth below, the Motion to Stay Appeal and Motion for Preliminary Injunction are denied.

II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and derives its authority to hear and determine this matter on reference from the District Court pursuant to 28

U.S.C. §§ 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. DISCUSSION

The factors the Court considers for a stay pending appeal are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Barretta v. Wells Fargo Bank, N.A. (In re Barretta)*, 560 B.R. 630, 632 (D. Conn. 2016). "The party seeking a stay pending appeal carries a heavy burden." *Id.*

The Motion for Preliminary Injunction remarkably fails to cite any rule or case law in support, but the Court discerns that the Movant is seeking relief under Fed. R. Bankr. P. 8007(c)(1)(C). The standards for granting a preliminary injunction pending appeal are not completely the same as the standards for granting a stay pending appeal. *In re Motors Liquidation Co.*, 539 B.R. 676, 684 (Bankr. S.D.N.Y. 2015). In particular, "the likelihood of success requirement for a stay pending appeal is "a substantial possibility, although less than a likelihood of success on appeal," whereas "[t]he comparable requirement for ordinary preliminary injunction analysis is either a likelihood of success or serious issues going to the merits, and a substantial tipping of the hardships in the applicant's favor." *Id*. The requirements for both motions will be analyzed together, with a recognition that the element of success on the merits is slightly more lenient for a request for a preliminary injunction.

A. Motion to Stay Appeal

    i. Substantial Possibility of Success on the Merits

Courts in this District and elsewhere have recognized that "the single most important factor is likelihood of success on the merits." *MDM Golf of Gillette Ridge, LLC v. GRG Acquisitions, LLC (In re MDM Gold of Gillette Ridge, LLC)*, No. 3:15CV27 (JBA), 2015 WL 12804567, at *4 (D. Conn. May 8, 2015) (quoting *In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012)). *See also In re Barretta*, 560 B.R. at 632. Here, McMahon's prospects for success on the merits of his appeal on derivative standing are nonexistent.

First, McMahon's appeals from this Court's February 13, 2018 oral ruling granting Manners derivative standing (ECF No. 257) and its subsequent Derivative Standing Ruling and Order, stand absolutely no chance of success because they were filed over two months after the Derivative Standing Ruling was entered on February 23, 2018. The time period to appeal was 14 days after entry, and thus McMahon's assertions are fatally belated. *See* Fed. R. Bankr. P. 8001(a)(1). As the Second Circuit has held, the period for appealing bankruptcy court orders to the district court is jurisdictional and thus, a court has no discretion but to dismiss an untimely appeal. *Tze Wung Consultants, Ltd. v. Bank of Baroda (In re Indu Craft, Inc.)*, 749 F.3d 107, 115 (2d Cir. 2014); *Statek Corp. v. Development Specialists, Inc. (In re Coudert Brothers, LLP)*, 673 F.3d 180, 185 (2d Cir. 2012). The District Court for the District of Connecticut has accordingly followed these decisions in summarily dismissing untimely appeals. *See In re White*, No. 3:17-CV-01611 (SRU), 2017 WL 5501487, at *1-2 (D. Conn. Nov. 16, 2017) (sua sponte dismissing appeal); *In re Kwong*, No. 3:17-CV-00496 (SRU), 2017 WL 1479419, at *2-3 (D. Conn. Apr. 24, 2017), *adhered to on reconsid.*, 2017 WL 2661627 at *1 (D. Conn. June 20, 2017). No amount of rationalization by McMahon to support an argument that the Derivative

Standing Ruling and the subsequent Pretrial Order (ECF No. 264), which set parameters for a contested hearing on the Objection to Claim 5-1, were not final by their terms is credible. The Derivative Standing Ruling was effective upon its docketing. Consistent with that Ruling and the Pretrial Order, Manners filed the Objection to Claim 5-1 (ECF No. 281) on March 26, 2019.[1] Accordingly, the Court agrees with Manners' assertion that McMahon has no chance on his untimely appeal of the Derivative Standing Ruling.

McMahon's prospect for success on appeal of this Court's Lift Stay Ruling is equally remote. Preliminarily, it must be recognized that Manners' Motion for Approval of Stipulation for Relief from the Automatic Stay (ECF No. 269) was not a contested matter under Fed. R. Bankr. P. 9014, as a motion for relief from the automatic stay would be. *Compare* Fed. R. Bankr. P. 4001(a)(1) (motion for relief from stay must be made in accordance with Rule 9014) *with* Fed. R. Bankr. P. 4001(d)(1) (no requirement that motion for approval of stipulation be made in accordance with Rule 9014). Even for a motion for relief from stay made in accordance with Bankruptcy Rule 9014, it has been held that creditors who are not parties to the motion and who have no right to notice under the rules—so called "peripheral parties"—have no right to fully participate in a motion for relief from the automatic stay absent an order granting them the right to intervene. *Metro North State Bank v. The Barrick Group (In re The Barrick Group)*, 98 B.R. 133, 134-35 (Bankr. D. Conn. 1989). It follows, *a fortiori*, that for a motion for approval of a stipulation between Manners and the Trustee for relief from the automatic stay, which is not a contested matter and does not require notice to creditors such as McMahon, even less of a participatory role should be afforded to such peripheral parties unless, of course, they are permitted to intervene. Here, McMahon failed to request intervention. Accordingly, he also lacks

---

[1] Manners filed an Amended Objection to Claim No. 5-1 on March 27, 2018. (ECF No. 282).

4

standing to challenge the decision granting that stipulation. *Cf. Tilly v. Vucurevich (In re Pecan Groves of Arizona)*, 951 F.2d 242, 245 (9th Cir. 1991) (holding that where trustee does not seek to enforce protections of automatic stay, no other party may challenge acts in violation of the stay, and thus creditors lacked standing on appeal to assert stay violation where trustee did not act).

In any event, rulings on motions for relief from the automatic stay are "committed to the sound discretion of the court." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1287 (2d Cir. 1990). After granting Manners derivative standing to object to McMahon's Proof of Claim No. 5-1, it is hardly an abuse of discretion for this Court to have approved a stipulation the Trustee himself entered, seeking to lift the automatic stay for the limited purpose of entering judgment on the state court jury verdict that McMahon obtained. All the Court need conclude in its scrutiny was that cause existed under 11 U.S.C. § 362(d)(1) to approve the Stipulation, and it indeed found good and sufficient cause under Rule 9019 and 11 U.S.C. § 362(d)(1).

As discussed in the Court's Lift Stay Ruling, the entry of a formal judgment on the jury verdict in the state court may be necessary in order for this Court to properly assess the res judicata effect of that judgment, and to otherwise support grounds for an objection to the Proof of Claim, which claim is based on the very same operative facts that were the basis of McMahon's first suit.[2] As the Trustee acknowledged by entering into the Stipulation, assessing and/or reducing the claims of the estate whenever possible is a benefit to the estate. Thus, if entry of judgment in McMahon's first suit will furnish grounds for disallowance or modification of the

---

[2] Manners argues that McMahon's "acquiescence" theory has been specifically dispelled by *Riel v. Stanley*, No. 06 CV 5801(TPG), 2009 WL 2431497 * 6 (S.D.N.Y. Aug. 6, 2009), which holds that "if a defendant (1) raises an objection to claim splitting prior to the entry of a final judgment in either of the related cases and (2) does not affirmatively represent that he consents to the actions proceeding separately, courts should not find that the defendant has acquiesced in the splitting of the claims and waived the res judicata defense." Issues related to that argument will be reviewed in the context of the Objection to Claim 5-1.

5

second proof of claim, the stay should be lifted to accomplish that result.[3] The final amount of allowed claims in this Chapter 7 estate is material to the calculation of damages sought by the Trustee in the Adversary Proceeding, the dividend to unsecured creditors, and the Trustee's ultimate ability to distribute dividends and close the estate. Hence, a quantification of the bonafide claims in this Chapter 7 case will likely advance overall case administration, the Adversary Proceeding and prospects for a global settlement of myriad disputes in the case. There is little likelihood that such an exercise of case management discretion by the Court in approving the Stipulation will be disturbed on a deferential appellate review standard. The Court is otherwise hard pressed to understand why McMahon, if he embraces his claims and jury verdict, appears utterly resistant to have it examined and allowed in an objection to claim process, other than his possible desire to maintain the leverage of multiple and substantial unresolved claims. Accordingly, the Court finds that there is no substantial possibility of success on the merits.

      ii. Irreparable Harm

The irreparable harm element requires a showing of "probable irreparable harm that is neither remote nor speculative, but actual and imminent." *In re MDM Gold of Gillette Ridge, LLC*, 2015 WL 12804567, at *5. If the movant cannot demonstrate a substantial possibility of success on the merits, he cannot be irreparably harmed if no stay is granted because any loss of rights "is inevitable and is not an irreparable harm that would be *caused by* the denial of a stay." *Id*. at *6 (emphasis in original).

---

[3] It could be argued that entry of judgment on a verdict is merely a "ministerial act" that would not be subject to the automatic stay, *see Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527-28 (2d Cir. 1994); *Calle v. NDG Coffee Shop, Inc.*, No. 16-CV-7702 (RJS), 2018 WL 1779347, at *2 (S.D.N.Y. Apr. 12, 2018), but stipulating to stay relief was followed as a precaution in the event the Court might consider entry of a judgment on the verdict to be a "judicial function*." See In re Braught*, 307 B.R. 399, 403-04 (Bankr. S.D.N.Y. 2004).

Here, because McMahon cannot establish any likelihood of success on the merits, he cannot be irreparably harmed. As to McMahon's argument on mootness, even if the denial of a stay pending appeal would moot the relief on appeal, "[a] majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016). In any event, McMahon is not exposed to any actual or imminent threat of irreparable harm if judgment is entered in the lawsuit in which a verdict was rendered, as McMahon himself vehemently maintains that res judicata does not apply because of "acquiescence". Notably, this Court has not yet held a hearing or ruled on the Objection to Claim No. 5-1. *See Sabine*, 548 B.R. at 682 (finding no irreparable harm where the court did not rule on confirmation of a plan that would arguably affect the rights the appellant was seeking to vindicate on appeal).

Furthermore, McMahon will not be irreparably harmed by the absence of a stay of these orders when this Court does address the merits of the Objection to Claim 5-1, as he has an indisputable right to appeal any adverse ruling of this Court and seek a stay of that ruling, if appropriate. Accordingly, the Court finds that there will be no actual or imminent irreparable harm if a stay is not entered.

iii. Whether a Party Will Suffer Substantial Injury if a Stay is Issued

Manners, McMahon and all other parties interested in the expeditious administration of the estate will suffer substantial injury by virtue of the delay, multiplicity of litigation, and costs that will inevitably result from McMahon's pursuit of a meritless appeal. As Manners has urged, the sooner this Court can hear the merits of the Adversary Proceeding and related motions, the better for creditors. Understanding the universe of bona fide claims against this estate is an integral benchmark in advancing all of these matters to an orderly and timely conclusion.

Accordingly, the Court finds that substantial injury to the estate and creditors will result if a stay is entered in this case.

                iv.   The Public Interest

There is a "general public policy favoring settlements" in bankruptcy court. *In re Republic Airways Holdings Inc.*, No. 16-10429(SHL), 2016 WL 2616717, at *3 (S.D.N.Y. May 6, 2016) (quoting *In re Hibbard Brown & Co., Inc.,* 217 B.R. 41, 46 (S.D.N.Y. 1998)). The Stipulation for Relief from the Automatic Stay is such a settlement between Manners and the Trustee, as representative of the estate, and obviated the need for a contested matter. Public policy favors its continued effect. The approval of the Stipulation "also serves the public interest favoring expeditious resolution of bankruptcy proceedings. *In re Republic Airways Holdings Inc.*, 2016 WL 2616717, at *12.

Finally, as for McMahon's accusations of criminal and fraudulent conduct by Manners, as repeatedly stated by this Court, such allegations are manifestly unsupported in the evidentiary record, are not yet cognizable in any ruling of a court of competent jurisdiction, and remain the subject of pending but unresolved matters before this Court. In the absence of admissible evidence, or even an effort to properly offer admissible evidence, and an opportunity for cross-examination and response, these accusations have no weight in the current deliberative process.

In the federal courts, the Court's reliance upon the volume of protestations and the bluster of allegations of wrongdoing by a party, without proof, is simply irreconcilable with notions of due process and fundamental fairness. Further, to the extent such alleged misconduct is relevant to the administration of this estate, there are pending matters which will likely address and test those allegations. McMahon's unrestrained efforts and insistence on raising these allegations at every turn disregards due process, the rules of evidence, and proper deference to the pendency of

these contested motions and the Adversary Proceeding—which properly frame the salient issues—to yet be determined by this Court.

      B.  Motion for Preliminary Injunction

Whether the Court applies the substantial possibility or alternative tests for granting a preliminary injunction pending appeal under Fed. R. Bankr. P. 8007(c)(1)(c), this Court further concludes, with explicit reference to the findings above, that there is neither a substantial possibility of success on appeal, nor are there serious issues going to the merits or a substantial tipping of hardships in the applicant's favor.

IV.  CONCLUSION

Accordingly, McMahon's Motion to Stay Appeal and Motion for Preliminary Injunction are DENIED as he has failed to demonstrably meet his burden of proof for either form of relief. The objections thereto are sustained.

IT IS SO ORDERED at Hartford, Connecticut this 22nd day of May 2018.

                                                *James J. Tancredi*
                                                United States Bankruptcy Judge
                                                District of Connecticut