**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CASE No.        15-51490 (JJT) |
| ) | |
| DAVID X. MANNERS CO., INC., ) | CHAPTER        7 |
| DEBTOR. ) | |
| ) | RE: ECF Nos.      281, 385 |
| TIMOTHY G. MANNERS, ) | |
| MOVANT ) | |
| V. ) | |
| ) | |
| JOSEPH MCMAHON, ) | |
| RESPONDENT. ) | |
| ) | |

**RULING ON OBJECTION TO CLAIM NO. 5-1 AND**
**MOTION TO STRIKE OBJECTION TO CLAIM NO. 5-1**

I.   INTRODUCTION

Before the Court is the objection ("Objection," ECF No. 281) filed by the movant, Timothy G. Manners ("Mr. Manners"),[1] to Proof of Claim No. 5-1 ("Claim 5-1") filed by Joseph McMahon ("Mr. McMahon"), and Mr. McMahon's motion to strike the Objection ("Motion to Strike," ECF No. 385).[2] In the Objection, Mr. Manners objects to Claim 5-1 on the basis that it is barred by res judicata, judicial estoppel, and Mr. McMahon's status as an independent contractor. In the Motion to Strike, Mr. McMahon argues that: (1) Mr. Manners and the Debtor,

---

[1] The Court granted Mr. Manners derivative standing to object to Claim No. 5-1 (ECF Nos. 257 and 263). The District Court dismissed Mr. McMahon's appeal (ECF No. 306) of the Court's orders granting Mr. Manners derivative standing for lack of standing (ECF Nos. 359 and 360).

[2] Mr. McMahon labeled his motion as a "motion to dismiss" the Objection. Mr. Manners argues that the Motion to Strike should be denied as procedurally improper because the Objection is a contested matter and Fed. R. Bankr. P. 9014(c) does not incorporate Fed. R. Bank. P. 7012, which would be the vehicle to seek to dismiss or strike the Objection (ECF No. 394). Rule 9014(c), however, also allows the Court to incorporate procedural rules not listed. In the interests of justice and judicial economy, the Court will consider Mr. McMahon's motion in this contested matter and consider it as a motion to strike. In any regard, Mr. McMahon's arguments in his Motion to Strike largely mirror his arguments in his response to the Objection (ECF. No. 288). Additionally, given the Court's disposition of the Objection, the Court's decision to address the motion as a motion to strike is harmless.

David X. Manners Company, Inc. ("Debtor"), acquiesced in the second suit, which would eliminate any res judicata defense, and (2) judicial estoppel does not apply. For the reasons stated below, the Objection is OVERRULED in part and the Court ABSTAINS in part and the Motion to Strike is DENIED as to Mr. McMahon's standing argument and DENIED as moot as to the remainder.

II.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

III.    FACTS AND PROCEDURAL HISTORY

The Court recites the following facts and procedural history, which are not in dispute:

1.  The Debtor filed a Chapter 11 Voluntary Petition on October 22, 2015 (ECF No. 1).

2.  On January 27, 2016, the case was converted to a Chapter 7 case (ECF No. 36).

3.  On March 4, 2016, Mr. McMahon filed proof of claim 4-1 ("Claim 4-1") in the amount of $249,533.62 on the basis of a jury verdict in the New York Supreme Court, Orange County, Index No. 4523/2012 ("Suit 1").

4.  On April 21, 2016, Mr. McMahon filed Claim 5-1 in the amount of $298,587.74 on the basis of a suit pending in the New York Supreme Court, Orange County, Index No. 297/2015 ("Suit 2").

5.  Mr. Manners, the Debtor's principal, filed a motion for leave to object to Claim 5-1 on October 20, 2017 (ECF No. 212). Mr. McMahon objected to that motion (ECF No. 213). The Court granted Mr. Manners derivative standing on February 13, 2018 (ECF No. 257), and, in a supplemental order dated February 23, 2018 (ECF No. 263), the Court

2

explained that the grant of derivative standing was to allow Mr. Manners to first seek relief from the automatic stay to reduce the jury verdict in Suit 1 to a final judgment and then file an objection to Claim 5-1.

6. Mr. Manners and the Chapter 7 Trustee, Richard M. Coan ("Trustee"), filed a joint motion for approval of stipulation for relief from the automatic stay to allow Mr. Manners to reduce the jury verdict in Suit 1 to judgment (ECF No. 269). Mr. McMahon objected, raising issues of standing, judicial estoppel, and equitable considerations (ECF No. 275).

7. On March 27, 2018, Mr. Manners filed his objection to Claim 5-1, raising issues of res judicata, judicial estoppel, and Mr. McMahon's employment status (ECF No. 281).

8. The Court granted the motion for relief from stay on April 26, 2018 (ECF No. 297). In its order, the Court noted that allowing formal judgment in Suit 1 to enter "would allow the issues related to res judicata, collateral estoppel, the [*Rooker–Feldman*] doctrine, and judicial estoppel to be distinctively and properly briefed and tried in a contested hearing where the legal significance of the jury verdict and judgment in Suit 1 can be evaluated consistent with applicable law."

9. On May 5, 2018, Mr. McMahon appealed the Court's rulings on derivative standing and relief from stay to the District Court (ECF No. 306). The Court denied Mr. McMahon's motion to stay pending appeal (ECF No. 310) and request for a preliminary injunction (ECF No. 313) on May 22, 2018 (ECF No. 327).

10. On June 22, 2018, the District Court dismissed the appeal and remanded the case to this Court (ECF No. 359). In its ruling, the District Court held that Mr. McMahon lacked standing to appeal the grant of derivative standing and relief from stay (ECF No. 360).

11. On June 28, 2018, the New York Supreme Court, Orange County entered final judgment in Suit 1 (ECF No. 380).

12. Mr. McMahon filed the Motion to Strike on August 20, 2018, arguing that: (1) Mr. Manners lacks standing to contest Mr. McMahon's claims; (2) res judicata and collateral estoppel do not preempt Mr. McMahon's claims; and (3) Mr. Manners did not have permission from the Court to object to Claim 5-1 on the basis of judicial estoppel, which Mr. McMahon also argues is inapplicable (ECF No. 385).

13. The Court heard oral arguments on October 11, 2018 (ECF No. 403). At the hearing, the Court took judicial notice of the proceedings in Suit 1 and Suit 2, to which no party objected (ECF No. 407). The Court then requested and received copies of the operative complaint and jury instructions from Suit 1 and the defendants' answer to the complaint in Suit 2 (ECF Nos. 407 and 410). Later, the Court requested and received copies of all motions, responses, and replies filed by the parties, along with any judicial rulings, orders, and decisions in Suit 2 that predated the commencement of this bankruptcy case (ECF Nos. 411, 413, 414, and 415).

IV. CONCLUSIONS OF LAW

    A. Applicable Law

        1. <u>Objections to Claims</u>

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a party in interest objects, it is deemed allowed. 11 U.S.C. § 502(a). An objection must be lodged in accordance with Fed. R. Bank. P. 3007. The objecting party must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential

to the claim's legal sufficiency." *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (citations omitted). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citations omitted).

Claims may be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any . . . applicable law[.]" 11 U.S.C. § 502(b)(1). "To determine whether a claim is allowable by law, bankruptcy courts look to applicable nonbankruptcy law." *In re Residential Cap., LLC*, 513 B.R. 446, 458 (Bankr. S.D.N.Y. 2014) (citation and internal quotation marks omitted).

2. <u>Motions to Strike</u>

"Motions to strike are viewed with disfavor and [are] infrequently granted. . . . In order for a court to strike a defense as insufficient: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the [respondent] must be prejudiced by the inclusion of the defense. . . . As the Second Circuit has noted [e]ven when a defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits. To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." *In re Lehman Bros. Holdings Inc.*, 474 B.R. 441, 446–47 (Bankr. S.D.N.Y. 2012) (citations and internal quotation marks omitted).

Although motions to strike are viewed with disfavor, the Court's disposition of the Objection renders much of the Motion to Strike moot. The Court, therefore, need only address

5

Mr. McMahon's standing argument, which is meritless. With that noted, the Court now addresses the parties' substantive arguments.

  B.  Mr. Manners Has Standing to Object to Claim 5-1

Mr. McMahon again challenges Mr. Manners's standing to object to Claim 5-1. As noted above in the factual recitation and footnote 1, the Court granted Mr. Manners derivative standing in order to object to Claim 5-1, among other things. Mr. McMahon appealed the Court's order granting derivative standing to the District Court, which dismissed Mr. McMahon's appeal, holding that Mr. McMahon lacks standing to contest this Court's order. Having taken his appeal no further, Mr. McMahon's lack of standing is now the law of the case, and this Court has no power to reject the express holding of an appellate court. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." [citation, emphasis, and internal quotation marks omitted]). Mr. McMahon's protestation that "the issue simply has not been raised before" (ECF No. 399) is both incorrect and irrelevant. Therefore, this Court must reject Mr. McMahon's argument that Mr. Manners does not have standing and DENY the Motion to Strike in this respect.

  C.  Res Judicata Does Not Bar Claim 5-1

There is no dispute that the pending lawsuit underlying Claim 5-1 is premised on the same core facts as the judgment underlying Claim 4-1. Mr. Manners argues that res judicata, therefore, bars Claim 5-1. The Court reluctantly finds, despite its concerns about judicial efficiency, that res judicata does not apply to Claim 5-1 in this instance.

      1.      Res Judicata Does Not Apply Facially

"Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. [T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . . In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *In re Residential Cap., LLC*, 513 B.R. at 459 (citations and internal quotation marks omitted).

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was[.]" *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122, 863 N.Y.S.2d 615, 894 N.E.2d 1 (2008) (citations and internal quotation marks omitted), *cert. denied sub nom. Cross Cty. Bank, Inc. v. New York*, 555 U.S. 1136 (2009). It is also well established in New York "that the pendency of an appeal does not affect the use of an order or judgment as an estoppel[.]" *In re Capoccia*, 272 A.D.2d 838, 847, 709 N.Y.S.2d 640 (3d Dept.) (citing *Parkhurst v. Berdell*, 110 N.Y. 386, 392–393, 18 N.E. 123 (1888)), *leave to appeal dismissed*, 95 N.Y.2d 887, 738 N.E.2d 782, 715 N.Y.S.2d 378 (2000).

The New York Civil Practice Law and Rules ("CPLR"), however, provides in pertinent part that any objection or defense based upon a prior pending action or res judicata "is waived unless raised either by [a] motion [to dismiss] or in the responsive pleading." CPLR Rule 3211(e).

Claims 4-1 and 5-1 both concern commissions Mr. McMahon allegedly earned, and that Mr. Manners and the Debtor had failed to pay him. Claim 4-1, the suit of which has been reduced to judgment, was tried only as a breach of contract matter (ECF Nos. 213, Exs. 1 and 5; 410, Ex. A). Claim 5-1, which has remained pending since the implementation of the automatic stay, alleged that Mr. McMahon was an employee (ECF No. 213, Ex. 2). There is no dispute that the two suits concern the same series of connected transactions, albeit premised on alternative legal theories. It is also beyond dispute that there is a judgment[3] underlying Claim 4-1. Further, Mr. McMahon is the plaintiff and the Debtor is the defendant in both suits. At first blush, then, it would appear that res judicata applies.

The problem, however, is that the Debtor did not raise res judicata as a defense until filing an objection to Mr. McMahon's motion for summary judgment in Suit 2 (ECF No. 395, Ex. A). In its answer to the complaint, neither res judicata nor prior pending action appear at all (ECF No. 410, Ex. C). Likewise, the Debtor did not file a motion to dismiss the action on the basis of either res judicata or prior pending action.[4] Therefore, according to the CPLR, the Debtor is deemed to have waived its res judicata defense.[5]

---

[3] *See* Part III, ¶ 11 of this opinion. There is apparently also an appeal pending in Suit 1, in which Mr. McMahon challenges the trial court's denial of his motion to amend his complaint to add a count alleging that he was an employee (ECF No. 213, Exs. 4 and 5). This attempted amendment would have added the same allegations underlying Suit 2 (ECF Nos. 89, Ex. 12; 213, Ex. 2). Mr. McMahon also moved to consolidate Suit 1 and Suit 2, to which the Debtor and Mr. Manners objected (ECF No. 213, Ex. 4). The New York Supreme Court denied the motion to consolidate (ECF No. 213, Ex. 4). Suit 1 and Suit 2 were both stayed by the commencement of this bankruptcy case. Although the Court granted relief from stay to allow for final judgment to enter in Suit 1, the stay was reimposed upon the entering of that judgment.

[4] At this point, it is too late for the Debtor to assert that there is another action pending between the parties because Suit 1 has been reduced to final judgment. The answer to the complaint, however, was filed before the entering of final judgment and, at the time, would have been an appropriate objection or defense.

[5] Mr. McMahon has never explicitly said in his arguments to this Court that Mr. Manners's res judicata argument was waived by operation of CPLR Rule 3211(e) but has repeatedly cited to the rule (*E.g.,* ECF No. 385). Mr. McMahon did make a waiver argument, however, in his reply brief to the Debtor's response to his motion for summary judgment in Suit 2 (ECF No. 415, Ex. G), so the issue has been explicitly raised elsewhere. It must be noted that, in deciding the motion for summary judgment, the New York Supreme Court determined neither Mr. McMahon's employment status nor the propriety of res judicata (ECF No. 415, Ex. I).

2.  Even If Res Judicata Applies Facially, the Debtor Acquiesced

Assuming that res judicata does apply facially, Mr. McMahon has argued in his Motion to Strike that the Debtor and Mr. Manners acquiesced to the maintenance of Suit 2. The Court agrees.

Although New York does not ordinarily permit the splitting of claims arising from the same transaction or series of transactions, *see Reilly v. Reid*, 45 N.Y.2d 24, 29–30, 379 N.E.2d 172, 407 N.Y.S.2d 645 (1978), an exception to this rule is found where the defendant acquiesces to the maintenance of two suits. Restatement (Second) of Judgments § 26(1)(a) (1982). New York recognizes this exception. *Brown v. Lockwood*, 76 A.D.2d 721, 740–41, 432 N.Y.S.2d 186 (2d Dept. 1980) (citing to draft version of Restatement); *see also Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 76 (S.D.N.Y. 2001) (concluding "that the acquiescence rule stated in Section 26(1)(a) of the Restatement (Second) of Judgments is an accurate statement of the law in New York").

In *Brown*, the plaintiff had maintained two actions against the defendant, one sounding in fraud and the other in breach of contract. 76 A.D.2d at 738. In determining not to apply res judicata, the court noted that "both actions were for a time pending undetermined in the same court. If defendant objected to the maintenance of the second suit he could have moved to dismiss it . . . upon the ground that there was another action pending between the same parties for the same cause of action." *Id.* at 740 (citations and internal quotation marks omitted). The court also noted that "if the defendant felt himself burdened by multiple suits he could have moved for consolidation or for a joint trial[.]" *Id.* The court was also persuaded that the defendant had acquiesced in the splitting of the plaintiff's claims because the defendant's counsel had told the court that, were the breach of contract claim consolidated with the fraud

9

claim, "he might have defended it somewhat differently" and that "the proof would differ." *Id.* at 741.

Unsurprisingly, Mr. McMahon has seized on the court's determination that the defendant in *Brown* acquiesced because he neither moved to dismiss nor moved to consolidate (ECF No. 385). Mr. Manners, likewise, has seized on the persuasiveness that the defendant's counsel in *Brown* explicitly stated he would have defended the case differently were the actions joined (ECF No. 223).[6] Both would seek for this Court to adopt the narrowest legal definition of acquiescence that each proffers. Acquiescence, however, is a question of fact, *Miller v. Hale (In re Miller's Will)*, 257 N.Y. 349, 357, 178 N.E. 555 (1931). *Brown* itself notes that:

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

76 A.D.2d at 741 (internal quotation marks omitted) (citing comments to Restatement (Second) of Judgments). Although *Brown* explicitly makes clear that motions to dismiss or consolidate and any colloquies with the court are relevant to whether Mr. Manners and the Debtor acquiesced, the Court is not convinced that those actions are the exclusive means of determining acquiescence.[7] Given that the Debtor fought off Mr. McMahon's attempt to amend the complaint in Suit 1, it makes sense why it would also object to his motion to consolidate Suit 1 and Suit 2.

---

[6] Although Debtor's counsel engaged in no such colloquy with the New York Supreme Court, it is worth noting that, at the hearing when the trial court stated that she would deny consolidation of Suit 1 and Suit 2, she stated that Mr. McMahon's employment status was "standing on its own[,]" "going to be done in another case[,]" and that it would be "deal[t] with" in another case (ECF No. 213, Ex. 4). At no point during this hearing did Debtor's counsel indicate an objection to the separate maintenance of Suit 2, despite the trial court's language.

[7] Indeed, the New York Court of Appeals has said that "[w]hile submission to an existing state of things for a longer or shorter period, with full knowledge thereof, is evidence of acquiescence, still . . . '[t]here is no precise rule as to what length of time or what other fact or circumstance shall be considered sufficient proof of acquiescence.'" *Myers v. Bolton*, 157 N.Y. 393, 399–400, 52 N.E. 114 (1898) (citing *Jenison v. Hapgood*, 7 Pick. 1, 8, 24 Mass. 1 (1828)), *reargument denied*, 158 N.Y. 665, 52 N.E. 1125 (1899).

Despite the Court's conviction, however, the Debtor took no action that would indicate an objection to the maintenance of both suits prior to responding to Mr. McMahon's motion for summary judgment, wherein res judicata was finally raised, but after the jury verdict in Suit 1 had already entered. By that point, under New York law, it was too late to raise prior pending action because Suit 1 had effectively concluded, *see Brown*, 76 A.D.2d at 741, and too late to raise res judicata because the Debtor had already answered the complaint. *See* CPLR Rule 3211(e); *see also Addesso v. Shemtob*, 70 N.Y.2d 689, 690, 512 N.E.2d 314, 518 N.Y.S.2d 793 (1987). Therefore, the Court finds that Mr. McMahon has met his burden to prove acquiescence. Because res judicata does not apply to Claim 5-1, either facially or through the Debtor's acquiescence, the Court OVERRULES the Objection and DENIES the Motion to Strike as moot in this respect.

D.     Judicial Estoppel Does Not Bar Claim 5-1

Mr. Manners also argues in the Objection that judicial estoppel bars Claim 5-1. Specifically, he contends that because Mr. McMahon claimed in Suit 1 that he was an independent contractor, he cannot assert in Suit 2 that he is an employee. Mr. McMahon argues in the Motion to Strike that the doctrine does not apply because the New York Supreme Court denied Mr. McMahon's eligibility for damages as an independent contractor.[8] The Court agrees with Mr. McMahon.

In New York, under the doctrine of judicial estoppel, "a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from

---

[8] Mr. McMahon also contends that Mr. Manners did not have permission to argue the applicability of judicial estoppel because Mr. Manners's motion for derivative standing only indicated that he would argue res judicata. The Court rejects this argument because it has expressly stated that the reason for allowing Mr. Manners to pursue the Objection would be to allow various arguments, including judicial estoppel, to be briefed, tried, and ruled upon by the Court. *See* Part II, ¶ 8 of this opinion.

assuming a contrary position in another action simply because his or her interests have changed[.]" *Brooke S.B. v. Elizabeth A.C.C.*, 28 N.Y.3d 1, 17, 61 N.E.3d 488, 39 N.Y.S.3d 89 (2016) (citation and internal quotation marks omitted).

Mr. Manners argues in the Objection that the doctrine applies because Mr. McMahon's position in Suit 1 "was that he was entitled to damages under New York Labor Law § 191-c" as an independent contractor, and he, therefore, cannot maintain Suit 2, which alleges that Mr. McMahon was an employee of the Debtor. The problem with Mr. Manners's argument is that the only count in the operative complaint of Suit 1 that was tried and went to the jury was a breach of contract claim (ECF Nos. 213, Exs. 1 and 5; 410, Ex. A). Mr. McMahon's count alleging that he was entitled to damages under Labor Law § 191-c was *dismissed* prior to trial commencing without any determination of its merits because the trial court found that that law only applies to independent contractors in manufacturing and the Debtor's business did not involve manufacturing (ECF No. 213, Ex. 5). There is nothing, then, in the breach of contract claim in Suit 1 that "assumes a contrary position" to the breach of employee contract claim in Suit 2 (ECF No. 213, Ex. 2). Mr. McMahon did not secure a favorable judgment on his independent contractor claim because it was not tried in Suit 1. Therefore, Mr. Manners's judicial estoppel argument must fail. Thus, the Court OVERRULES the Objection and DENIES the Motion to Strike as moot in this respect.

E. The Court Abstains from Ruling on Mr. McMahon's Employment Status

Finally, Mr. Manners argues in the Objection that, because Mr. McMahon was an independent contractor, not an employee, Claim 5-1 must be disallowed. That, however, is the entirety of Mr. Manners's argument in this regard. Mr. McMahon takes umbrage with Mr. Manners's assertion of this argument as improper in his Motion to Strike but does not actually

address the argument. In his previously filed response to the Objection, however, Mr. McMahon asserted as a legal and factual matter than he was an employee of the Debtor (ECF No. 288). Neither party addressed the issue during oral argument, and no evidence was presented that would allow this Court to make a determination in this regard.

Given the nature of the shifting burden of proof in filing and objecting to proofs of claim and the contingent nature of Claim 5-1, the Court finds that it would work a miscarriage of justice to make any factual or legal determinations as to Mr. McMahon's employment status absent admissible evidence. Under 28 U.S.C. § 1334(c)(1), nothing prevents this Court "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Additionally, although "[t]he bankruptcy court normally supervises the liquidation of claims against the estate[,] [t]he rule is not inexorable. . . . [W]hen a claim can be as expeditiously liquidated in a suit pending in another forum, and the expertise of the bankruptcy court is not required, that suit is often allowed to continue to avoid wasted time and effort." *Aetna Cas. & Sur. Co., Inc. v. Windtech, Inc. (In re Windtech, Inc.)*, 80 B.R. 628, 631 (D. Conn. 1987) (citation and internal quotation marks omitted).

The analysis the Court must undertake in considering permissive abstention under 28 U.S.C. § 1334(c)(1) is substantively the same as when the Court considers equitable remand under 28 U.S.C. 1452(b). *Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 477 (D. Conn. 2015). The list of factors the Court should consider includes:

> (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Id.*

On balance, these factors favor abstention. The first factor does not weigh in favor either way because the issue of Mr. McMahon's employment status can be effectively litigated in either forum. The second, third, and fourth factors weigh heavily in favor of abstention because the question of employment status is one of New York state law and one that, as evidenced by the law, is a fact-intensive inquiry, which leads this Court to conclude that the New York courts are in a better position to decide the issue, especially in light of the fact that that issue should be the only unresolved question in Suit 2. The fifth factor seems to weigh against abstention because Mr. McMahon is the largest creditor of the estate but may have less significance pending the outcome of the adversary proceeding against Mr. Manners and others. The sixth factor weighs in favor of abstention because Mr. McMahon is entitled to a jury trial in New York in Suit 2. The final factor also weighs in favor of abstention because it would be more convenient for Mr. McMahon to litigate his employment claim in New York. Despite his apparently having moved to Ohio, his attorney is based in New York, as were the Debtor's attorneys in Suit 2. Therefore, the Court finds that, in the interests of justice and comity with state courts and law, abstention is proper regarding the issue of whether Mr. McMahon was an independent contractor or employee of the Debtor. The Court retains jurisdiction to decide whether Claim 5-1 is to be disallowed pending the outcome of Suit 2.[9]

---

[9] The procedural posture of this matter, the proliferation of litigation and inevitable appeals between the parties, and the focal nature of Mr. McMahon's claims to the administration of this Chapter 7 bankruptcy estate suggest that Mr. McMahon and the trustee are well advised to again explore a negotiated, mediated resolution of this matter, lest they be entangled in interminable conflict with no apparent end and uncertain utility.
Additionally, the Court notes the order granting Mr. Manners derivative standing arguably does not address any rights to appeal. The Second Circuit has not conclusively decided whether overruling an objection to a proof of claim is a final judgment, order, or decree under 28 U.S.C. § 158(a)(1) subject to appeal as of right, *see EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007), but other circuits have done so. *See, e.g., Perry v. First Citizens Fed. Credit Union (In re Perry)*, 391 F.3d 282, 285 (1st Cir. 2004). Although this ruling does not conclusively determine the propriety of Claim 5-1, the Court's overruling the Objection in part coupled with its decision to abstain from the rest of the Objection may provide a right of appeal. *See Quackenbush v. Allstate Ins.*

14

V.   CONCLUSION AND ORDER

Having considered the parties' arguments, the Court ADJUDGES, ORDERS, and DECREES that:

1. The Motion to Strike is DENIED as it pertains to Mr. Manners's standing to lodge the Objection;

2. The Objection is OVERRULED and the Motion to Strike is DENIED as moot as each pertain to res judicata and judicial estoppel;

3. The Court ABSTAINS from deciding the Objection as it pertains to whether Mr. McMahon was an independent contractor or employee of the Debtor but retains jurisdiction to decide this issue pending the outcome of Suit 2 in the New York Supreme Court.

IT IS SO ORDERED at Hartford, Connecticut this 21st day of December 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

*Co.*, 517 U.S. 706, 712 (1996). Therefore, if Mr. Manners wishes to appeal, he should make such a desire known before the appeal period runs its course.