## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-51490 (JJT) |
|  | ) |  |  |
| DAVID X. MANNERS CO., INC., | ) | CHAPTER | 7 |
| DEBTOR. | ) |  |  |
|  | ) | RE: ECF Nos. | 418 |
| TIMOTHY G. MANNERS, | ) |  |  |
| MOVANT | ) |  |  |
| V. | ) |  |  |
|  | ) |  |  |
| JOSEPH MCMAHON, | ) |  |  |
| RESPONDENT. | ) |  |  |
|  | ) |  |  |

### DECISION ON MOTION TO ALTER OR AMEND JUDGMENT

Before the Court is Mr. Manners's[1] motion to alter or amend judgment under Fed. R. Bankr. P. 9023 ("Motion," ECF No. 418). In the Motion, Mr. Manners asks this Court to reconsider parts of the Court's Ruling on Objection to Claim 5-1 and Motion to Strike Objection to Claim 5-1 ("Ruling," ECF No. 416), namely the parts finding that res judicata does not bar Claim 5-1. The Court assumes the parties' familiarity with the contents of the Motion, Mr. McMahon's opposition to the Motion (ECF No. 420), and Mr. Manners's reply to the opposition (ECF No. 425). In the absence of either clear errors of law or manifest injustice, the Court denies the Motion.

Under Fed. R. Bankr. P. 9023, which applies Fed. R. Civ. P. 59, a court may, *inter alia*, alter or amend a judgment. The Second Circuit has explained that, under Rule 59, "courts may

---

[1] Unless defined otherwise, any capitalized term in this decision has the same meaning as defined in the Court's December 21, 2018 ruling (ECF No. 416).

alter or amend judgment to correct a clear error of law or prevent manifest injustice[.]"[2] *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (citation and internal quotation marks omitted). "[A]ny litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Larsen v. Ortega*, 816 F. Supp. 97, 114 (D. Conn. 1992) (citation and internal quotation marks omitted), *aff'd*, 990 F.2d 623 (2d Cir. 1993).

In the Motion, Mr. Manners argues first that the Debtor did not waive its res judicata defense because it raised claim splitting in its opposition to Mr. McMahon's motion for summary judgment in Suit 2. Specifically, Mr. Manners contends that, because Mr. McMahon was neither surprised nor prejudiced by the timing of raising claim splitting, the Debtor could theoretically amend its answer or move for summary judgment and then raise res judicata as a defense. Mr. McMahon argues that he was prejudiced by the Debtor's opposition to his motion to consolidate Suit 1 and Suit 2, which prevented him from having the employment issue in Suit 2 heard and decided in Suit 1.

The Court is troubled by Mr. Manners's argument that the Debtor could—but has not— move to amend its answer or seek summary judgment on the basis of its unpleaded defense in Suit 2. This Court is not concerned with what *could be* true so much as what *is* true. Any attempt to amend an answer or to seek summary judgment on the basis of an unpleaded defense without amendment would be subject to denial on prejudice grounds. *Fahey v. Cnty. of Ontario*, 44 N.Y.2d 934, 935, 380 N.E.2d 146, 408 N.Y.S.2d 314 (1978); *Sullivan v. Am. Airlines, Inc.*, 80

---

[2] A court may also reconsider judgment on the basis of "an intervening change of controlling law [or] the availability of new evidence," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992) (citations and internal quotation marks omitted), neither of which is relevant here.

A.D.3d 600, 602, 914 N.Y.S.2d 276 (2d Dep't 2011). Given the various circumstances

surrounding the denial of Mr. McMahon's motion to consolidate Suit 1 and Suit 2, including the

dialogue between the trial court and Mr. McMahon's counsel mentioned in note 6 of the Ruling,[3]

coupled with the fact that Suit 1 was effectively concluded, the Court does not find a clear error

of law concerning prejudice sufficient to overcome its prior Ruling.[4]

Even if this Court were to assume that res judicata could be resurrected as a defense, Mr.

Manners must still convince this Court that its Ruling concerning acquiescence was a clear error

of law. Mr. Manners points to two federal cases applying the New York acquiescence rule that

he believes support his position: *Riel v. Morgan Stanley*, 2009 WL 2431497 (S.D.N.Y. Aug. 6,

2009) and *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67 (S.D.N.Y. 2001). Mr. McMahon

continues to insist on the exclusivity of methods to avoid acquiescence expressed in *Brown v.*

*Lockwood*, 76 A.D.2d 71, 432 N.Y.S.2d 186 (2d Dep't 1980): filing a motion to dismiss or a

motion to consolidate. Any tension amongst these cases has not been settled by the New York

Court of Appeals. Without a clear rule articulated by that court, this Court had to analyze the

existing case law to determine how that court would act.[5] In doing so, the Court found persuasive

---

[3] The Court notes that, if the Debtor was planning to object to the maintenance of two suits, this was a prime opportunity to do so. The failure to object to the trial court's language that the employment issue would be dealt with in another case is, frankly, baffling.

[4] To the extent that Mr. Manners quibbles over the propriety of the Court deciding the Ruling in part on the basis of CPLR Rule 3211(e), the Court reminds him that Mr. McMahon raised the argument in the state court proceedings in reaction to Mr. Manners and the Debtor's claim splitting argument. *See* note 5 of the Ruling. Effectively, the Debtor has been on notice of this argument since September 3, 2015 and has never sought to amend its answer or move for summary judgment in Suit 2.

[5] Mr. McMahon insists that *Brown* is binding on this Court. This Court is "not strictly bound by state intermediate appellate courts [but] will look to their decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (citations and internal quotation marks omitted). *Brown*, however, certainly would be binding on the New York Supreme Court, Orange County, the venue for Suit 2, and this fact is highly persuasive. Reading *Brown* against, *inter alia*, *Riel* and *Cowan*, the Court is not convinced that any particular case states a complete rule as would be adopted by the New York Court of Appeals but believes a middle ground is appropriate. Even using what may be termed a "totality of the circumstances" approach, the Court found in Mr. McMahon's favor. To the extent either party believes the Court is mistaken, this Court has no ability to certify a question to the New York Court of Appeals. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a).

that the Debtor could acquiesce to the maintenance of two suits premised on the same facts by failing to object in a timely manner but did not apply the rigid rule Mr. McMahon urges. Instead, taking a more holistic approach, the Court considered the fact that the Debtor raised no objection *at all* until Suit 1 had effectively concluded, a point at which Mr. McMahon could not persuade the trial court to reconsider its ruling denying consolidation. The version of the rule espoused by Mr. Manners from *Riel*, 2009 WL 2431497, at *6, that acquiescence should not be found where a defendant "raises an objection to claim splitting prior to the entry of a final judgment in either of the related cases[,]" however, goes too far when read literally. Such a rule would ignore that two cases could be simultaneously pending for *years* before claim splitting is ever raised. *Brown* refused to countenance a gap of approximately six months where two cases were simultaneously pending. This Court will not do so here, where the time between the filing of Suit 2 and the first objection to claim splitting took more than seven months.

If Mr. Manners believes this Court is clearly mistaken, his remedy is to seek review with the Second Circuit,[6] which would be able—but not required[7]—to certify a question to the New York Court of Appeals, which would be able—but not required—to accept the certified question.[8] Without a clear statement from the New York Court of Appeals, however, Mr. Manners's view of the law and this Court's view are "simply a point of disagreement[,]" *Larsen*, 816 F. Supp. at 114 (citation and internal quotation marks omitted), not a clear error of law sufficient to overcome the Court's prior Ruling.

Absent any clear error of law, the Court fails to see how any manifest injustice results. Accordingly, Mr. Manners's Motion is DENIED.

---

[6] *But see* note 9 of the Ruling.
[7] *Pangea Capital Mgmt., LLC v. Lakian*, 906 F.3d 1, 10 (2d Cir. 2018).
[8] N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(d).

IT IS SO ORDERED at Hartford, Connecticut this 11th day of March 2019.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut